## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

|  |  |
|---|---|
| DAVID KEITH MILES, | : |
| Petitioner | :    Civ. Action No. 18-5840 (RMB) |
| v. | :    **OPINION** |
| WARDEN DAVID ORTIZ, | : |
| Respondent | : |

**BUMB**, District Judge

Petitioner, David Keith Miles, a prisoner confined in the Federal Correctional Institution in Fort Dix, New Jersey ("FCI Fort Dix"), filed a petition for writ of habeas corpus under 28 U.S.C. § 2241, on April 10, 2018. (Pet., ECF No. 1.) Petitioner paid the filing fee for this action on April 30, 2018.

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, applicable here pursuant to Rule 1(b) scope of the Rules, a district judge must promptly examine a petition, and "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition

and direct the Clerk to notify the petitioner." For the reasons discussed below, the Court dismisses the petition.

I.    BACKGROUND

Petitioner alleges the following facts in support of his petition for habeas relief. (Mem. of Law in Supp. of 28 U.S.C. § 2241 ("Pet'r Mem." ECF No. 1-1.) On March 2, 2017, Petitioner appeared before a Discipline Hearing Officer ("DHO") on an incident report charging him with violating Code 112, use of drugs or alcohol. (Pet'r Mem, ECF No. 1-1, ¶4.1.) Pursuant to Bureau of Prisons Program Statement 5270.09(h), Petitioner contends the DHO must prepare a written report/record of the proceedings and provide the inmate a copy within 15 working days of the decision. (Id., ¶4.2.)

Petitioner asserts that the BOP failed to follow its own policy; and the DHO's delay in delivery of his written decision to Petitioner prejudiced him because he was found guilty, and he could not appeal the decision until the DHO delivered the written decision. (Pet'r Mem., ECF No. 1-1 at 3-4.)

II.   DISCUSSION

28 U.S.C. § 2241 provides, in relevant part:

> (a) Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions . . .
>
> (c) The writ of habeas corpus shall not extend to a prisoner unless—

. . .

          (3) He is in custody in violation of
          the Constitution or laws or treaties of
          the United States; . . .

BOP Program Statement 5270.09(h)(eff. August 1, 2011) provides,

in pertinent part:[1] "the DHO gives the inmate a written copy of

the decisions and disposition, ordinarily within 15 work days of

the decision." Records of Petitioner's appeal to the Central Office

indicate that Petitioner received the DHO's written report "some

24 days overdue." (Pet'r Mem., ECF No. 1-1 at 6.)

     Assuming, for purposes of screening the petition, that

Petitioner's disciplinary proceeding resulted in his loss of good

conduct time, a prisoner has a constitutionally protected liberty

interest in good time credit. Young v. Kann, 926 F.2d 1396, 1399

(3d Cir. 1991). The Supreme Court defined the due process

protections required where a prison disciplinary hearing may

result in loss of good conduct time. Id. (citing Wolff v.

McDonnell, 418 U.S. 539, 555-56 (1974)). One of those protections

is that "there must be a 'written statement by the factfinders as

to the evidence relied on and reasons' for the disciplinary

action." Wolff, 418 U.S. at 564-65 (quoting Morrissey v. Brewer,

408 U.S. 471, 489 (1972)).

_____

[1] Available at
https://www.bop.gov/PublicInfo/execute/policysearch?todo=query&s
eries=5000#

                              3

First, the BOP did not violate its own Program Statement because the Program Statement does not require the DHO to issue his written decision within fifteen work days of the hearing, but only that the written decision will "ordinarily" be issued within that time. Second, the Supreme Court has not found a due process right to a written decision by the DHO within fifteen work days. Even if this Court assumes such a right, to establish a due process violation, a petitioner must show he was prejudiced by the violation. Griffin v. Ebbert, 640 F. App'x 181, 184 (3d Cir. 2016) (citing Wilson v. Ashcroft, 350 F.3d 377, 381 (3d Cir. 2003)).

Petitioner alleges he was prejudiced because he could not appeal the DHO's decision until he received the report. This is unsubstantiated. 28 C.F.R. § 541.8(i) provides "(i) Appeals. You may appeal the DHO's action(s) through the Administrative Remedy Program, 28 C.F.R. part 542, subpart B." DHO appeals are initially submitted to the Regional Director for the region where the inmate is located. 28 C.F.R. § 542.14(d)(2). Nowhere in the regulations does it state that the DHO's written decision must be included with the Appeal.

BOP Program Statement 5270.09(i)[2] explains that "when an inmate files a Regional or Central Office appeal of a disciplinary action, those offices may request copies of disciplinary records."

---

[2] See supra note 1.

This further refutes Petitioner's claim that he cannot appeal until he receives the DHO's written report because the Regional or Central Office may obtain the necessary records after Petitioner files the appeal. Petitioner does not raise any other challenges to his prison disciplinary proceedings.

III. CONCLUSION

For the reasons discussed above, the Court dismisses Petitioner's petition for a writ of habeas corpus under 28 U.S.C. § 2241 because it plainly appears from the petition that Petitioner is not entitled to relief.

An appropriate Order follows.

Dated: May 2, 2018

s/Renée Marie Bumb
**Renée Marie Bumb**
**United States District Judge**